IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, <br> [Address to be Provided Under Seal As Per L. Civ. R. 5.1(c)] <br><br> Plaintiff, <br><br> v. <br><br> CAROLINE WREN, <br> 609 Maryland Avenue, N.E., Apt. 1 <br> Washington, DC  20002 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. _____ <br><br> **Jury Trial Demanded** |

## COMPLAINT

The plaintiff, John Doe ("Mr. Doe"), by counsel, and for his complaint states the following:

### Parties

1. Mr. Doe is a natural person and a citizen of the State of North Carolina.

2. The defendant, Caroline Wren ("Ms. Wren"), is a natural person and a citizen of the District of Columbia.

### Jurisdiction and Venue

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that Mr. Doe and Ms. Wren are citizens of different states and the amount in controversy exceeds $75,000.

4. Ms. Wren is subject to personal jurisdiction in this Court pursuant to D.C. Code § 13-423(a)(3) and (4), in that Ms. Wren caused tortious injury in the District of Columbia.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that Ms. Wren is a resident of the District of Columbia, which is also where a substantial part of the events giving rise the claim occurred.

## Facts

6. Mr. Doe is and has for more than 10 years been involved in conservative and Republican Party politics. He has served political campaigns and political committees as a field coordinator, field director, grassroots director, and political director, among others.

7. On October 19, 2022, a high-profile person in conservative and Republican Party politics committed a sexual battery upon Mr. Doe in Georgia, where Mr. Doe was a staffer on a political campaign.

8. Mr. Doe immediately reported the sexual battery to third persons, but the matter was not publicly revealed at that time, because Mr. Doe desired not to cause a distraction to the political campaign on which he was then working, which was highly contested.

9. The sexual battery upon Mr. Doe became very much publicly known on January 6, 2023, when the *Daily Beast* ran an article detailing the sexual battery upon Mr. Doe. Other media outlets picked up the story, and the incident became widely known.

10. While Mr. Doe was not personally identified in the *Daily Beast* and other media accounts because he was the victim of a sexual assault, many in the political and journalism communities were aware of his identity.

11. Ms. Wren is a fundraiser and activist in conservative and Republican Party political circles. She is perhaps best known as one of the primary organizers and fund raisers for the "Stop the Steal" rally that was a precursor to the attempted insurrection at the United States Capitol on January 6, 2021. Ms. Wren is also associated with the individual who committed the sexual battery on Mr. Doe.

12. In the wake of the story published in the *Daily Beast*, Ms. Wren began posting statements on Twitter attacking Mr. Doe, in many instances revealing his true name.

13. On January 11, 2023, Ms. Wren posted the following statement on Twitter with respect to Mr. Doe:



14. Mr. Doe was not a volunteer driver. Nor was Mr. Doe "fired from multiple campaigns for lying and unethical behavior." Both statements are false, and the latter statement is false and defamatory.

15. Ms. Wren knew or should have known that her statement that Mr. Doe was "fired from multiple campaigns for lying and unethical behavior" was false.

16. Also on January 11, 2023, Ms. Wren posted on Twitter:



17. Mr. Doe is not 44 years old. He was not a volunteer driver. Nor was Mr. Doe "fired from multiple jobs for being a habitual liar." All three statements are false, and the latter statement is false and defamatory.

18. Ms. Wren knew or should have known that her statement that Mr. Doe was "fired from multiple campaigns for being a habitual liar" was false.

19. On January 12, 2023, counsel for Mr. Doe sent a letter to Ms. Wren demanding that she retract the false and defamatory statements published by her. A copy of this letter is attached hereto as Exhibit 1 (with Mr. Doe's identity redacted).[1]

20. After receiving the retraction demand, Ms. Wren escalated her malicious and false attacks on Mr. Doe. Despite being on notice that her statements were false and defamatory, Ms. Wren did not remove or retract them, and continued to maliciously post statements about Mr. Doe, responding to the *Daily Beast* reporter:



---

[1] Other instances in which Ms. Wren identified Mr. Doe by his actual name have likewise been redacted, *infra*.

21. Moreover, Ms. Wren persisted in her campaign of misinformation and lies by misstating the character and extent of the false statements she had published about Mr. Doe by spuriously suggesting, in her then-pinned tweet on Twitter, that she had only posted Mr. Doe's own tweet:



## COUNT 1
### (Defamation)

22. The allegations contained in paragraphs 1 through 21 are incorporated herein as if fully set forth.

23. Ms. Wren posted on Twitter with respect to Mr. Doe:



24. Mr. Doe has not been fired from multiple campaigns for lying.

25. Mr. Doe has not been fired from multiple campaigns for unethical behavior.

26. Ms. Wren also posted on Twitter:



27. Mr. Doe has not been fired from multiple jobs for being a habitual liar.

28. Ms. Wren's statements are capable of being proven true or false.

29. The context of Ms. Wren's statements makes it unlikely or impossible to believe the statements to be one of mere opinion.

30. Ms. Wren's statements are false and defamatory.

31. Ms. Wren's false and defamatory statements are defamatory *per se* in that they accuse Mr. Doe of dishonesty, which in turn impute to Mr. Doe an unfitness to perform his profession and trade, prejudice his standing in the community, and lower him in the estimation of the community.

32. By falsely accusing Mr. Doe of dishonest and unethical behavior Ms. Wren's defamatory statements have placed Mr. Doe into contempt, ridicule, and disgrace within the community.

33. Ms. Wren's false and defamatory statements were made with knowledge by Ms. Wren that the statements were false or with a reckless disregard for the truth, so as to justify an award of punitive damages.

34. When given the opportunity to retract her false and defamatory statements, Ms. Wren declined, and instead posted additional false information on Twitter.

35. Upon information and belief, Ms. Wren made the false and defamatory statements to impugn Mr. Doe's reputation with no honest belief in the truth of the statements.

36. As a direct and proximate result of Ms. Wren's false and defamatory statements, Mr. Doe suffered damages, including without limitation embarrassment, humiliation, distress, and reputational harm.

37. Ms. Wren's statements were not privileged.

WHEREFORE, Mr. Doe requests that judgment be entered in his favor, and against Ms. Wren, for compensatory damages in excess of $500,000, plus punitive damages, plus prejudgment and post-judgment interest, plus his costs; and that Mr. Doe be awarded such other and further relief as the Court may deem appropriate.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38(b)(1), Mr. Doe demands a trial by jury as to all issues so triable.

Respectfully submitted,

**JOHN DOE**
By Counsel

-8-

      /s/ Timothy B. Hyland
Timothy B. Hyland
DC Bar No. 988498
Counsel for Mr. Doe
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
Tel. (703) 956-3566
Fax (703) 935-0349
Email:   thyland@hylandpllc.com


      /s/ Tyler Southwick
Tyler Southwick
DC Bar No. 197937
Counsel for Mr. Doe
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
Tel. (703) 956-3566
Fax (703) 935-0349
Email:   tsouthwick@hylandpllc.com