UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>            *Plaintiff,*<br><br>       v.<br><br>CAROLINE WREN,<br><br>            *Defendant*. | Civil Action No. 23-00266<br><br>Chief Judge Beryl A. Howell |

# MEMORANDUM AND ORDER

Plaintiff, an individual who "has for more than 10 years been involved in conservative and Republican Party politics," Compl. ¶ 6, ECF No. 1, has moved to proceed pseudonymously, *see* Pl.'s Mem. to File a Pseudo. Compl., ECF No. 2; Pl.'s Mem. Supp. Mot. to File Pseudo. Compl. ("Pl.'s Mem."), ECF No. 2-1, in the instant suit alleging a single count of defamation against defendant Caroline Wren, *see* Compl. ¶ 65–81. According to plaintiff, the defendant's allegedly false and defamatory statements that form the basis of the instant action are "inextricably tied to Mr. Doe's allegations of sexual assault against" a third-party, with whom defendant is closely associated, "and thus discussion of one will evoke discussion of the other." Pl.'s Mem. at 1.[1] For the reasons set forth below, plaintiff's motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[2]

---

[1] Plaintiff filed an action anonymously against the third-party and his spouse seeking redress for the sexual assault in the Circuit Court for the City of Alexandria, Virginia, Civil Action No. CL 23001055, which litigation remains pending. Pl.'s Mem. at 1 n.1.

[2] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

I.      BACKGROUND

In his time involved with the Republican Party, plaintiff "has served political campaigns and political committees as a field coordinator, field director, grassroots director, and political director, among others." Compl. ¶ 6. While working for one of these campaigns as a political staffer, plaintiff alleges that, "[o]n October 19, 2022, a high-profile person in conservative and Republican Party politics committed a sexual battery upon [him] in Georgia." *Id.* ¶ 7. This sexual battery incident became more public on January 6, 2023, when the *Daily Beast* ran an article detailing the sexual battery incident, without naming plaintiff, and "[o]ther media outlets picked up the story, and the incident became widely known." *Id.* ¶ 9. Although the *Daily Beast* and the other media outlets did not identify plaintiff's name as the victim, plaintiff asserts that "many in the political and journalism communities were aware of his identity." *Id.* ¶ 10.

Defendant, "a fundraiser and activist in conservative and Republican Party political circles . . . associated with the individual who committed the sexual battery on [plaintiff]," *id.* ¶ 11, was aware of plaintiff's identity and began attacking plaintiff on Twitter in the wake of the *Daily Beast* story, *id.* ¶ 12. Specifically, defendant allegedly made false statements about the type of work that plaintiff did for the campaigns he worked on, and she accused plaintiff of being "fired from multiple campaigns for lying and unethical behavior" and for being a "habitual liar." Compl. ¶ 13-17.

Because of these allegedly false and defamatory statements, plaintiff claims he "suffered damages, including . . . embarrassment, humiliation, distress, and reputational harm." Compl. ¶ 36. Accordingly, he initiated the instant defamation action against her, seeking compensatory and punitive damages, *id.* ¶ 37.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); D.D.C. LOCAL CIV. R. 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2

(a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . .

4

tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage in the litigation, this Court is persuaded that plaintiff has adequately demonstrated that the public's presumptive interest in knowing his identity is outweighed by his privacy interests.

First, as the description of plaintiff's claim makes clear, plaintiff does not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. Although the substance of plaintiff's claim concerns public statements made by defendant on Twitter, these statements are inextricably tied to plaintiff's allegations of sexual assault against a third-party. Courts have routinely found that allegations of sexual assault implicate sensitive and highly personal matters, and they have permitted those plaintiffs to file their complaint by pseudonym. *See, e.g.*, *Doe v. Cabrera*, 307 F.R.D. 1, 5 (2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because the concern highly sensitive and personal subjects."); *Doe v. De Amigos, LLC*, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("The Court agrees with plaintiff that the information about the sexual assault at issue in this case is a matter of a sensitive and highly personal nature in which she seeks to preserve a legitimate privacy interest."). Given the ties between plaintiff's claim here and his claim of sexual assault against a third party, the first factor weighs in favor of permitting plaintiff to proceed anonymously.

The second *James* factors also weighs in favor of granting plaintiff's motion, though the third weighs slightly against. Plaintiff points out that the third-party he accuses of sexual assault is a high-ranking person in well-known advocacy organizations that are active in Republican and conservative political circles, and defendant was "a key organizer of the January 6, 2021, 'Stop the Steal' rally that led to the attempted insurrection at the United States Capitol." Pl.s' Mot. at 5–6. Given that defendant and the third-party appeal to a portion of the population who could view plaintiff's allegations as a political attack, release of plaintiff's name potentially "poses a risk of retaliatory physical or mental harm to the requesting party." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Plaintiff, however, is an adult and does not allege the interests of minor children are at stake, so the third *James* factor does not apply here. *See id.*

The fourth *James* factor also weighs in plaintiff's favor, given the suit challenges the actions of a private party. *See In re Sealed Case*, 971 F.3d at 329 ("[T]here is a heightened public interest when an individual or entity files a suit against the government."). Here, plaintiff seeks to vindicate only his own rights, and anonymity appears to be necessary to provide him the opportunity to do so without compounding the public revelations defendant already allegedly made about the sexual assault against plaintiff by identifying him in this litigation.

Finally, defendant would suffer no "risk of unfairness" if plaintiff's motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing plaintiff to proceed under pseudonym will have no impact on any private rights, as the defendant is aware of plaintiff's identity, *see* Compl. ¶¶ 12-13. Thus, allowing plaintiff to proceed anonymously will not compromise defendant's ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, plaintiff's significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97. Any general presumption in favor of open proceedings or public interest in disclosing plaintiff's identity is outweighed by the highly sensitive nature of the information implicated and the potential psychological and physical risk that plaintiff could face if the information were made public. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to File a Pseudonymous Complaint, ECF No. 2, is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that plaintiff may proceed with the case using the pseudonym "John Doe"; it is further

**ORDERED** that defendant is prohibited from publicly disclosing plaintiff's identity or any personal identifying information that could lead to the identification of plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: February 1, 2023.

                                                              _____
                                                              BERYL A. HOWELL
                                                              Chief Judge